DISTRICT COURT CASE NO. 3:19-cv-02095-RS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

TSAI LUAN HO aka SHELBY HO,

Appellant,

v.

ANDREA A. WIRUM, CHAPTER 7 TRUSTEE,

Appellee.

On Appeal from the United States Bankruptcy Court for the Northern District of California, Bankr. Case No. 18-30581 -- Consolidated with Bankr. Case No. 18-30031, and Adv. Proc. Case No. 18-03051

The Honorable Dennis Montali, United States Bankruptcy Judge

## APPELLANT'S REPY BRIEF

JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
RACHEL M. SPOSATO (SBN 306045)
rsposato@jhindslaw.com
HINDS & SHANKMAN, LLP
21257 Hawthorne Blvd., Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for the Appellant, TSAI LUAN HO aka SHELBY HO

## **TABLE OF CONTENTS**

Page No.

I. THE MOTION FOR SUMMARY JUDGMENT MUST BE OVER TURNED AND VACATED BECAUSE THE DEBTOR PRESENTED A TRIABLE ISSUE OF FACT TO THE COURT BELOW ……………………………………………………………………..1

II. THE FACTS PRESENTED TO THE COURT BELOW DO NOT SUPPORT GRANTING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ……………………………………………………………………..2

    1. The Legal Standard To Be Applied To The Trustee's Motion for Partial Summary Judgment…………………………………………...2

    2. The Court Below Misapplied the Standard Under Section 727(a)(3) Which Required that the Court Find that the Debtor's Alleged Failure to Keep Books and Records was Justified Under all of the Circumstances of the Case………………………………………………3

    3. The Appellant's Opposition to the Trustee's Motion for Partial Summary Judgment Presented Triabe Issues of Facts Meriting Denial of the Motion………………………………………………….5

    4. The Judge Below Improperly Ignored The Appellant's Uncontested Expert's Declaration and Dismissed its Weight in Ruling on The Trustee's MSJ. ………………………………………………………….7

III. THE APPELLANT'S ASIAN UPBRINGING, AGE, SEX, EDUCATION, BUSINESS EXPERIENCE, AND LACK OF BUSINESS ACUMEN WERE NOT CONTESTED IN THE RECORD…………………………...10

IV. THE RECORD PRESENTED TO THE COURT BELOW WAS SUFFICIENT TO MEET THE 9TH CIRCUIT STANDARD…………………………………………………………….12

V. CONCLUSION……………………………………………………………14

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)................................................................................... 5, 12

*British Airways Bd. v. Boeing Co.*,
   585 F.2d 946 (9th Cir. 1978) ...............................................................................13

*Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*,
   550 F.3d 755, 760 (9th Cir. 2008) ........................................................ 2, 3, 4, 5, 8

*Covey v. Hollydale Mobilehome Estates*,
   116 F.3d 830 (9th Cir. 1997) ................................................................................2

*In re Hong Minh Tran*,
   464 B.R. 885 (Bankr. S.D. Cal. 201)...................................................................8, 9

*In re Hurley*,
   601 B.R. 529, 534 (9th Cir. BAP 2019) .............................................................3, 5

*Lansdowne v. Cox (In re Cox)*,
   41 F.3d 1294 (9th Cir. 1994) ................................................................................3

*Lujan v. National Wildlife Federation*,
   497 U.S. 883 (1990).............................................................................................5, 8

*McSherry v. City of Long Beach*,
   584 F.3d 1129 (9th Cir. 2009) .............................................................................13

*Oswalt v. Resolute Indus.*,
   642 F.3d 856 (9th Cir. 2011) ...............................................................................12

# TABLE OF AUTHORITIES

Page No.

**Statutes**

11 U.S.C. § 727(a) ................................................................................................. 1, 13
11 U.S.C. § 727(a)(3) ...................................................................................................3
28 U.S.C. § 56 ..............................................................................................................5
28 U.S.C. § 7056 ..........................................................................................................2

I.

**THE MOTION FOR SUMMARY JUDGMENT MUST BE OVER TURNED AND VACATED BECAUSE THE DEBTOR PRESENTED A TRIABLE ISSUE OF FACT TO THE COURT BELOW**

By this appeal, the Appellant requests that the Order denying the Appellant's discharge under 11 U.S.C. § 727(a)(3) be overruled and vacated, and that the Order be reversed and the case remanded to the bankruptcy court with instructions to allow the Appellant's discharge under 11 U.S.C. § 727(a).  The briefing shows that the court below failed to properly weigh, and in fact ignored the undisputed expert testimony presented by the Appellant on the Appellant's age, lack of English language training, her cultural background and upbringing, her education, and her circumstances, that she had never been trained in bookkeeping, and never engaged in complex business transitions on her own, had for many years been a stay-at-home mother to her three sons, and had been a victim of the Liberty Ponzi scheme like many of her Chinese clients.  The Appellee in her Opening Brief does not contest these as the core facts of the case.  Rather, the Appellant argues that the court below weighed these facts and found that they failed to present a trial issue under Rule 56 and the controlling case law.  The Appellee is wrong.

## II.

## THE FACTS PRESENTED TO THE COURT BELOW DO NOT SUPPORT GRANTING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

1. <u>The Legal Standard To Be Applied To The Trustee's Motion For Partial Summary Judgment</u>.

    The parties agree as to the standard which must be applied by this Court in the review if the Bankruptcy Court's granting of the Trustee's Motion for Partial Summary Judgment (hereinafter referred to as the "MSJ").  Summary judgment should be granted when there are no genuine issues of material fact and when the movant is entitled to prevail as a matter of law.  In resolving a summary judgment motion, the <u>court does not weigh evidence</u>, but <u>rather determines only whether a material factual dispute remains for trial</u>.  *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997) (emphasis added).

    A material fact is one that, "under the governing substantive law . . . could affect the outcome of the case." *Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 760 (9th Cir. 2008).  "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 761 (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  At the hearing below, the Appellant vigorously argued that the Trustee could not meet the Rule 7056 standard based on the showing presented

2

in opposition to the MSJ. *In re Hurley*, 601 B.R. 529, 534 (9th Cir. BAP 2019). At the same time, the Appellee's Opening Brief admits that the Bankruptcy Judge below weighed the evidence presented by the Appellant in opposition to the MSJ and ignored the undisputed declaration submitted by the Appellant on the core issue under *Caneva*.

2. <u>The Court Below Misapplied The Standard Under Secton 727(A)(3) Which Required That The Court Find That The Debtor's Alleged Failure To Keep Books And Records Was Justified Under All Of The Circumstances Of The Case</u>.

Section 727(a)(3) provides, in relevant part, that a debtor is not entitled to a discharge if she fails "to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." To succeed on its objection to discharge under § 727(a)(3), the trustee must show "'(1) that [Appellant] failed to maintain and preserve adequate records, and (2) that such failure makes it impossible to ascertain [Ho's] financial condition and material business transactions.'" *Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296 (9th Cir. 1994) (*quoting Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d Cir. 1992)). Adequate records should enable creditors to follow a debtor's transactions "for a reasonable

period in the past." *Caneva v. Sun Cmtys. Operating Ltd. P'ship (In re Caneva)*, 550 F.3d 755, 761 (9th Cir. 2008) (*quoting Rhoades v. Wikle*, 453 F.2d 51, 53 (9th Cir. 1971)).

As argued below, the Debtor in opposition to the MSJ presented more than adequate evidence that she had in her possession or subject to her control, books and records sufficient for the trustee to track the Debtor's personal and business dealings with third-parties for several years prior to the filing of her case. The Debtor's personal and business were established to be consistent with her cultural upbringing and background as established in the Ho and Amira Declarations filed in opposition to the MSJ. [Appellant's ER at Tab 20 and 22 Ho Declaration ¶¶ 61-72.]

The parties agree that the stand under § 727(a)(3) <u>does not require absolute completeness in making or keeping records</u> (citing *Rhoades v. Wikle*, 453 F 2d. 51, 53 [9th Cir. 1971]), but "the debtor must 'present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past.'" *Caneva*, 550 F 3d. at 661.

The Appellee does not contest that unlike in *Caneva*, here the Appellant had some books and records of her personal pre-petition dealings and make substantial documents related to her dealings with Liberty openly available to the Trustee.

4

Moreover, the Appellant established her level of sophistication by reference to her education, age, and cultural background. [Appellant's ER at Tab 20 Ho Declaration ¶¶ 61-72 and the Arima Declaration ¶¶ 8-19.] Hence, the facts of this case differ materially from the facts of *Caneva* where the debtor admitted that he did <u>not</u> have books and records to reflect his pre-petition dealings.

3. <u>The Appellant's Oppositon To The Trustee's Motion For Partial Summary Judgment Presented Triable Issues Of Facts Meriting Denial Of The Motion</u>.

Under the Rule 56 standard, a triable issue exists when material facts specifically averred by the movant are contradicted by facts specifically averred by the respondent. *Lujan v. National Wildlife Federation,* 497 U.S. 883, 110 S.Ct. 3177, 3188 (1990). If the respondent presents controverting evidence, the court must then determine if the evidence is sufficient, considering the facts in light of the applicable standard of proof, to permit a reasonable jury to resolve the issue in the respondent's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2512 (1986). In doing so, the respondent is entitled to have all reasonable inferences drawn in its favor. *Lujan*, 110 S.Ct. at 3188.

The Appellee admits that in opposition to the Trustee's MSJ, the Appellant presented solid evidence to the Trustee in the form of **(1)** her bank statements, **(2)** a recounting of her dealings with Liberty and the investors in Liberty's Ponzi scheme, **(3)** her borrowings from friends and family, **(4)** her tax returns, and **(5)** her

5

acquisition of the real property in the Big Max and Great Vista entities and the liquidation of these real properties and the tender of the net sales into the *Big Max* chapter 7 Estate.

    The Appellee admits that in opposition to the Trustee's MSJ, the Appellant presented solid evidence level of sophistication in business transactions. The points raised by the Debtor but ignored by the Trustee now and at the hearing on the MSJ where the following: **(1)** the Debtor had no business background and training; **(2)** the Debtor culturally was a stay-at-home mom, who raised her three sons without a father; **(3)** the Debtor obtained her real estate license late in life and employed her Chinese language skills with bringing Chinese investors to real estate deals (many of which were standard retail deals done under standard Californian approved forms); **(4)** while the Debtor was enticed into working with Liberty and its owners, there is no proof that the Debtor engaged in conduct which involved control over the third-party investments, transfers of money, or selection of invest properties; and **(5)** at the end of the day, the Debtor was as much a victim of the Liberty Ponzi scheme as anyone else being left with unpaid and earned fees from Liberty of millions according to the Committee's recap of Liberty's books and records.

    The Appellee then engages in semantic word games over whether the Appellant the Debtor did offer the Trustee, pre-MSJ, with "unfettered review" of

6

personal papers.  The Appellant argued that additional documents were made available to the Trustee and that the Appellant offered at least two times to meet with the Trustee to explain her records and data.  [Appellee Opening Brief at p. 19:23-28 and p. 20:1-2.]  The Trustee admits that she <u>refused to review these additional documents and data and refused to meet with the Debtor</u> having already made up her mind that the Debtor should be denied her discharge in her chapter 7 case.  [Appellee Opening Brief at p. 20:26.]

   4. <u>The Judge Below Improperly Ignored The Appellant's Uncontested Expert's Declaration And Dismissed Its Weight In Ruling On The Trustee's MSJ</u>.

As noted by the Appellee in her Opening Brief, the judge below, as part of the hearing on the Appellant's Motion for Stay Pending Appeal, admitted that he weighed the statement made as part of the uncontested Arima Declaration.  At one point the judge admitted that: "Ms. Amira's declaration of course was before me on the motion, was in the record. And when I – when I read your motion here today or yesterday, I saw it, I don't recall every single thing that I had done in a prior matter . . . ." App-006.

The judge below also found Ms. Arima not to be an expert but then stated that Ms. Arima was "unqualified expert on every subject, - I mean she seems to be an expert on: Culture; on language; on Ms. Ho's familiarity with documents; on the standards of the Bankruptcy Code for maintaining the books and records; and

7

her raising of her children, which of course is important." App-006 to App-008[1].

At the conclusion of the hearing on the Motion for Stay Pending Appeal, the judge stated that "Ms. Amira's declaration had no probative value on the ultimate questions that were presented." App-020.

These inconsistent representations by the judge below alone require a remand to the Bankruptcy Court for further clarification or outright denial of the MSJ. These after-the-fact justifications by the judge clearly violate the letter and spirit of Rule 56 and *Lujan*, 110 S.Ct. at 3188 (If the respondent presents controverting evidence, the court must then determine if the evidence is sufficient, considering the facts in light of the applicable standard of proof, to permit a reasonable jury to resolve the issue in the respondent's favor) and *Caneva*.

The Appellee tries to distinguish *In re Hong Minh Tran*, 464 B.R. 885 (Bankr. S.D. Cal. 201) cited by the Appellant. The Appellee admits that *Hong Minh Tran* stands for the proposition that a debtor's duty to keep records is measured by the type of debtor and the debtor's sophistication. The Trustee even states that she "has no quarrel with that proposition and believes the *Hong Minh Tran* case supported her motion for summary judgment . . . ." (Appellee Opening Brief at p. 16:20-23.) While it is true that the *Hong Minh Tran* case does not

---

[1] The Appellant takes issue with the Appellee's sole reliance upon the statement made at the hearing on the Appellant's Motion for Stay Pending Appeal which is referenced by the Appellee as "App." The true test of the inappropriateness of the judge's granting of the Trustee's MSJ is tested by the argument made at the hearing on the MSJ, which hearing the Appellee simply ignores.

specifically mention of culture as a measure, the finding is 100% consistent with *Caneva* in holding that "adequate record keeping is made on a case-by-case basis." *Hong Minh Tran*, 464 B.R.at 893.

The reasoning of the court in *Hong Minh Tran* is instructive on the issues raised by the Appellant. In *Hong Minh Tran*, the court stated:

> In evaluating the reasonableness of records, the Court must undertake a case by case determination. The records required for a business, as opposed to those required for a person in the conduct of day-to-day life, may be entirely different.  <u>And the Court should take into consideration the sophistication of the debtor and the type of transactions in which the debtor engaged.</u>  <u>For the average person, who is not engaged in sophisticated financial transactions and, instead, acts only as a consumer, tax records, wage records, bank records and credit card records may suffice</u>.

*Id.* (emphasis added). Unlike in this case, the debtor in *Hong Minh Tran* failed to maintain any records of his gambling losses or to explain his use of credit card advances to finance his gambling habit. *Id.* The record below shows that the Appellant provided the Trustee with records regarding her transactions with Liberty as well as her bank statements and hand written notes of transactions with friends and family. [Appellant's ER at Tab 20 Ho Declaration ¶¶ 61-72.]

/ / /

/ / /

/ / /

/ / /

/ / /

9

## III.

## THE APPELLANT'S ASIAN UPBRINGING, AGE, SEX, EDUCATION, BUSINESS EXPERIENCE, AND LACK OF BUSINESS ACUMEN WERE NOT CONTESTED IN THE RECORD

The Trustee as part of her Opening Brief does not contest that **(1)** the Appellant is a 70-year old Asian woman whose first language is not English, (2) or that the Appellant was born and educated in Taiwan, and moved to the United States with her husband in 1976, (3) that the Appellant and her husband settled in the San Jose area where her husband operated a computer hardware business. Appellant was not active in the computer hardware business operated by her husband, (4) that the Appellant's husband passed away in 1994 and the Appellant withdrew from the computer hardware business to raise her three boys as a stay-at-home mom.  [Appellant's ER at Tab 20 Ho Declaration ¶¶ 4-8.]

The Trustee as part of her Opening Brief does not further contest that (5) after years as a stay-at-home mom, late in life, Appellant obtained her real estate broker's license, (6) that due in part to her excellent Chinese language skills and her knowledge of Chinese culture, the Appellant was initially successful in working with Chinese buyers seeking to acquire or develop real estate in Northern California, or (7)  that as to most of these real estate deals Appellant earned a

broker's commission for her efforts. [Appellant's ER at Tab 20 Ho Declaration ¶¶ 4-8.]

Appellee ignores that the fact that as part of the record below Appellant established that discovery in the Los Angeles Adversary Proceeding brought by the Liberty Committee against the Appellant had been substantially completed before the Appellant filed her personal chapter 7 case. The Appellant offered to share with the Trustee the fruits of the Los Angeles Adversary Proceeding discovery which showed how money was raised and accounted for by Liberty, how investors' contracts where prepared and distributed by Liberty, and that the Appellant had no role in the collection of money, designation of third-party investments, the documentation of third-party investments, or management of the Liberty real property asset portfolio. The Appellee apparently ignored Appellant's off and failed to take the time to review the Liberty discovery fled which show Appellant was <u>never personally engaged in the Liberty Ponzi scheme, never handled money for the Chinese investors in Liberty, had nothing to do with the selection of real property and the documentation of the proposed transactions</u>. [Appellant's ER at Tab 20 Ho Declaration ¶¶ 51-60.]

/ / /

/ / /

/ / /

11

## IV.

## THE RECORD PRESENTED TO THE COURT BELOW WAS SUFFICIENT TO MEET THE 9TH CIRCUIT STANDARD

It is true that the Appellant admitted that she kept few financial records related to her operation of Great Vista and Big Max and failed to maintain records for her loans to Liberty and Kirk in the three-years prior to Ho's chapter 7 filing. What records she had were turned over to the chapter 7 Trustee in the Big Max case and shared with the Ho Trustee. However, the record is clear that in response the Appellant provided the Trustee with bank statements, the records from Liberty regarding the third-party investments of third-parties brought to Liberty by the Appellant, the Committee reconciliation of the money due to the Appellant based on the deal she had in place with Liberty with the Appellant's handwritten annotations of where errors had been made by the Committee, and the books and records on the hard money loans employed to save the Big Max and Great Vista real estate.[2] . [Appellant's ER at Tab 20 Ho Declaration ¶¶ 61-72.]

In response to this showing made by the Appellant, the Trustee's response was that she didn't want to take the time to reconcile the paper work supplied by

---

[2] For reasons unknown to the issues raised by this appeal, the Trustee spends a whole page in her Opening Brief reviewing the Debtor's actions to save, list, and dispose of the real property held by Big Max and Great Vista. [Appellee Opening Brief at p. 20-3-15.] The only reason that the Appellant raised to the issue of the disposition of the real property held by Big Max and Great Vista was to establish that there has been total transparency by the Appellant in disclosing the liens against these two properties, the origins of the Debtor ownership of these two properties and that the net sale proceeds were provided to the Appellee at the end of the day.

the Appellant.  [Appellee Opening Brief at p. 20:26.]  To find in the Trustee's favor on her § 727(a)(3) claims required the judge below to accept the Trustee's argument as fact and make inferences and credibility determinations in the Trustee's favor – <u>none of which is appropriate on summary judgment</u>.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (all justifiable inferences must be drawn in favor of the non-moving party); *Oswalt v. Resolute Indus.*, 642 F.3d at 861 (credibility determinations, weighing of evidence, and the drawing of legitimate inferences from the facts are inappropriate on summary judgment); *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) ("Legal memoranda and oral argument are not evidence").  And, the nonmovant's "evidence is to be believed."  *McSherry v. City of Long Beach*, 584 F.3d 1129, 1133 (9th Cir. 2009).  This is error supporting reversal of the MSJ Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.

## CONCLUSION

For all of the reasons set forth hereinabove, Appellant respectfully requests that the Order of the bankruptcy court below denying the Appellant her discharge under 11 U.S.C. § 727(a)(3) be reversed and the matter remanded to the bankruptcy court below with Orders to enter the discharge of the Appellant under 11 U.S.C. § 727(a).

Dated: October 9, 2019						Respectfully submitted,

							JAMES ANDREW HINDS, JR.
							PAUL R. SHANKMAN
							RACHEL M. SPOSATO
							HINDS & SHANKMAN, LLP

							By:  /s/  James Andrew Hinds, Jr.
							JAMES ANDREW HINDS, JR.,
							Attorneys for the Appellant,
							TSAI LUAN HO aka SHELBY HO

# CERTIFICATE OF SERVICE
## TSAI LUAN HO aka SHELBY HO v. ANDREA A. WIRUM, et a.
## Case No. 3:19-cv-02095-RS

I am employed in Torrance, California. I am over the age of 18 and not a party to this action; my business address is 21257 Hawthorne Blvd., Second Floor, Torrance, CA 90503.

I hereby certify that on October 9, 2019, I served **APPELLANT'S REPLY BRIEF** on the following parties or counsel of record:

*SEE ATTACHED LIST*

X    To Be Served By the Court Via Notice of Electronic Filing (NEF/ECF): Pursuant to controlling General Orders and LBR, the foregoing document was served by the court via NEF and hyperlink to the document. On October 9, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determine that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below

X    By Placing the ___ original X an accurate copy in sealed envelope(s) to the notification address(es) of record and sending by:

X    Overnight Delivery: I arranged for the envelope(s) to be delivered by overnight delivery by close of business of the next business day. I am readily familiar with the firm's practice of collection and processing parcels for overnight carrier. They are deposited with the overnight carrier or at a location authorized to receive parcels on behalf of the overnight carrier on the same day, fully prepaid at Torrance, California in the ordinary course of business.

I declare under penalty of perjury and the laws of the State of California that the above is true and correct.

Executed on this 9th day of October 2019, in Torrance, California

                               /s/ Mayra Duran
                               MAYRA DURAN

# CERTIFICATE OF SERVICE
## TSAI LUAN HO aka SHELBY HO v. ANDREA A. WIRUM, et a.
### Case No. 3:19-cv-02095-RS

<u>To Be Served By the Court Via Notice of Electronic Filing (NEF/ECF)</u>:

Charles P. Maher     cmaher@rinconlawllp.com

James Andrew Hinds , Jr     jhinds@jhindslaw.com, pshankman@jhindslaw.com

Rachel M. Sposato     rsposato@jhindslaw.com


<u>Overnight Delivery</u>:

District Judge Richard Seeborg
San Francisco Courthouse
450 Golden Gate Avenue
Courtroom 3 - 17th Floor
San Francisco, CA 94102